# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CR-00167-FDW-DCK

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) |
| SEAN TREMAINE PHILLIPS, | ) **ORDER** |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Objection to the Magistrate Judge's Memorandum and Recommendation ("M&R"). (Doc. No. 34.) Defendant seeks review of the Magistrate Judge's M&R regarding Defendant's Motion to Reveal Confidential Informants and Motion to Suppress Tangible Evidence and Statements. (Doc. No. 25.) The Court reviewed the docket, both parties' filings, and the transcript of the hearing, which includes both parties' evidence and arguments. For the reasons set forth below, the M&R is **AFFIRMED** and **ADOPTED**, Defendant's Objections are **OVERRULED**, and Defendant's Motion to Reveal Confidential Informants and Motion to Suppress Tangible Evidence and Statements are **DENIED**.

## I. BACKGROUND

On August 21, 2024, Defendant was indicted on three charges: possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 1, pp. 1–2.) On April 8, 2025, Defendant filed his Motion to Reveal Confidential Informants, asking the Court to disclose "the identity of all confidential informants who had contact with the defendant during" the investigation and to issue "an order compelling the government to disclose the criminal records

of the informants and any promises or other incentives offered to the informants in exchange for their cooperation." (Doc. No. 16, p. 1.) That same day, Defendant filed a Motion to Suppress Tangible Evidence and Statements. (Doc. No. 17.) Defendant asserts his detention, search, interrogation, and arrest violated the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; all tangible evidence is "fruit[] of police action that violated the Fourth Amendment[]"; and Defendant's statements "must be suppressed as fruit of the illegal seizure and arrest . . . ." (Id., pp. 4, 9, 10.)

On April 15, 2025, the Government filed its Responses to both of Defendant's Motions. (Doc. Nos. 20, 21.) In the Government's Response in Opposition to Defendant's Motion to Compel, it argued Defendant did not show "he has more than a 'mere suspicion' that the informant has relevant and helpful information, or information that will be essential to Defendant's fair trial." (Doc. No. 20, p. 1.) In the Government's Response in Opposition to Defendant's Motion to Suppress, it argued the officers had reasonable suspicion to stop Defendant, the officers had probable cause to search his vehicle, and the Terry v. Ohio, 392 U.S. 1 (1968), frisk and detention of Defendant were reasonable in scope and duration. (Doc. No. 21, p. 1.)

On June 9, 2025, the Magistrate Judge held an evidentiary hearing, and on June 23, 2025, the Magistrate Judge issued the M&R denying Defendant's Motions. (Doc. No. 25.) The Magistrate Judge concluded Defendant only speculated as to the usefulness of the confidential informants' identities; Defendant's traffic stop was legitimate; the officer's actions during Defendant's traffic stop were within the "constitutionally permissible scope"; the K-9's alert on Defendant's vehicle justified a subsequent search; and Defendant, prior to being handcuffed, was not in custody as to trigger his rights under Miranda v. Arizona, 384 U.S. 436 (1966). (Doc. No. 26, pp. 15–20.) Defendant filed three objections to the M&R, arguing the Magistrate Judge erred

in concluding he did not establish a basis to reveal the confidential informants' information; the Magistrate Judge did not address "key" allegations; and he is entitled to the suppression of the statements he made after he was handcuffed. (Doc. No. 34, pp. 2–4.) The Government did not file a response.

## II. STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within fourteen days of being served with a copy. 28 U.S.C. § 636(b)(1)(C). "Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections." Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)). Parties "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert. denied, 551 U.S. 1157 (2007). Objections which "merely express disagreement with the magistrate's Report and Recommendation . . . in lieu of any actual argument or specific assertion of error" do not sufficiently direct a court to a specific error. Lowdermilk v. LaManna, No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009). "Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A general objection, or one that merely restates the argument previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

"Absent a specific, proper, and timely filed objection, the Court reviews only for 'clear error,' and need not give any explanation for adopting the M&R." United States v. Brooks, 599 F.

Supp. 3d 337, 340 (W.D.N.C. 2022); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). If proper objections are made, a district court will review the objections under a *de novo* standard. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

**A. Defendant Did Not Establish a Basis to Reveal the Identity of the Confidential Informant.**

Defendant first argues the Magistrate Judge erred when he found the Defendant did not establish a basis to reveal the identity of the confidential informant. (Doc. No. 34, p. 1.) The Court disagrees.

The defendant bears the burden "to demonstrate the need for the discovery of identities of confidential informants[] . . . ." United States v. D'Anjou, 16 F.3d 604, 610 (4th Cir. 1994). Disclosure of the confidential informer's identity or communication is required when it is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause[] . . . ." Roviaro v. United States, 353 U.S. 53, 61 (1957) (footnote omitted). As a general rule, the defendant cannot "merely speculate[] in a conclusory manner" why the confidential informant could be helpful to his case. United States v. Murel, 502 F. App'x 291, 293 (4th Cir. 2012) (per curiam).

In Murel, the Fourth Circuit held the defendant did not meet his burden of establishing an actual basis for disclosure of the identity of the confidential informant who participated in the purchase of a controlled substance. Id. Because the defendant's criminal offenses were derived from the evidence gathered after the purchase of the controlled substance, not the purchase itself, the Defendant could only speculate as to how the identity of the confidential informant could help

his defense. Id.; see also United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985) ("One of the most important factors to be considered is the materiality of the evidence to the defendant's particular defense."). The Fourth Circuit concluded this speculation was not sufficient to establish an "actual basis" about how the "disclosure of the identity of the confidential informant would be relevant to any defense he sought to present at trial." Murel, 502 F. App'x at 293.

The case here is similar to Murel. The confidential informants allegedly provided the officers with information regarding Defendant and his vehicle. (Doc. No. 34, p. 2.) However, like Murel, of significant importance here is although the confidential informants provided information on Defendant regarding who Defendant was, Defendant's residence, and Defendant's criminal activity, this information is not the subject of Defendant's arrest. (Doc. No. 34–1, pp. 5, 10–12.) To whatever degree the lead detective garnered information from the confidential informants, defense counsel at the hearing confirmed the confidential informants did not provide any information that Defendant may have been engaged in criminal activity upon entering his vehicle. (Doc. No. 34–1, p. 69.) Indeed, only *after* the officers stopped Defendant's vehicle did they gather the evidence needed for Defendant's three criminal charges. (Id., pp. 57–60.) In other words, the information from the confidential informants is "not the subject of [Defendant's] instant offenses." Murel, 502 F. App'x at 293 (citing Smith, 780 F.2d at 1108). Stated succinctly, Defendant offers nothing more than mere speculation as to why the identity of the confidential informants will help his defense. Mere speculation falls far short from the "actual basis" requirement, and, as such, Defendant cannot carry his burden here. Therefore, Defendant's objection to the M&R on this point is overruled.

### B. Defendant's Statements Made After He Was in Custody Are Not Entitled to Protection Under Miranda.

Although Defendant's second argument is not clear, it appears he is arguing that because he was not read his Miranda v. Arizona, 384 U.S. 436 (1966), rights by the officers after he was handcuffed, he is entitled the suppression of all the statements he made thereafter. (Doc. No. 34, p. 3.)

The Court notes Defendant failed to raise this argument in his original Motion to Suppress. (Doc. No. 17.) Nonetheless, as part of the Court's *de novo* review, the Court is "required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) (footnote omitted). The Court need not, however, "consider new issues raised for the first time in objections[] . . . ." JTH Tax, LLC v. Shahabuddin, No. 21-2031, 2023 WL 3002746, at *10 (4th Cir. Apr. 19, 2023) (emphasis omitted). The "issue" in this context is whether Defendant's Miranda rights were violated and, the "argument" here is "the legal positions related to the ground for relief." Samples v. Ballard, 860 F.3d 266, 274 (2017). Although Defendant's argument his statements made after he was handcuffed should be suppressed was not raised before the Magistrate Judge, it is related to the issue raised in his Motion to Suppress regarding his right against self-incriminating statements under Miranda. (Doc. No. 17, p. 2.) Accordingly, the Court shall consider this new argument in accordance with its duty to conduct a *de novo* review.

Miranda requires a suspect subject to custodial interrogation must be "be adequately and effectively appraised of his rights . . . ." Miranda, 384 U.S. at 444, 467. "[C]ustodial interrogation . . . [is the] questioning initiated by law enforcement officers after a person has been taken into custody or otherwise derived of his freedom of action in any significant way." Id. at 444 (footnote omitted). Thus, a Miranda warning must be administered when the individual is 1) in custody and

2) subject to interrogation. See United States v. Donaldson-Pinilla, 292 F. App'x 217, 218 (4th Cir. 2008) ("Miranda warnings are required when an individual is subjected to custodial interrogation." (citing United States v. Leshuk, 65 F.3d 1105, 1108 (4th Cir. 1995)). Miranda's requirement to administer its warning attaches when the suspect is taken into custody. Stansbury v. California, 511 U.S. 318, 322 (1994). "In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but 'the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" Id. (internal brackets omitted) (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983) (per curiam)).

Neither Defendant nor the Government in this case dispute Defendant was in custody after the officers located Defendant's firearm and then handcuffed Defendant.[1] (Doc. No. 34, p. 3; Doc. No. 34-1, pp. 60, 147–48.) The question thus becomes whether Defendant was subject to an interrogation as to trigger his rights under Miranda.

"The special procedural safeguards outlined in Miranda are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation." Rhode Island v. Innis, 446 U.S. 291, 300 (1980). The interrogation facet of the Miranda safeguard encompasses "express questioning or its functional equivalent." Id. at 300–01. "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Id. at 301 (internal footnote omitted) (footnote omitted). Incriminating responses are any response which "the prosecution may seek to introduce at trial." Id. at 301, n.5 (emphasis omitted).

---

[1] The Government's attorney at the June 9, 2025, hearing conceded Defendant "was only under arrest once they found the narcotics." (Doc. No. 34-1, pp. 60, 147–48.)

Statements made voluntarily, however, are not barred by the Fifth Amendment or Miranda. Miranda, 384 U.S. at 478; see also Rhode Island, 446 U.S. at 301–02 ("[S]ince the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response." (emphasis omitted) (footnote omitted)).

This Court finds Defendant's statements after he was placed in handcuffs were not subject to the Miranda safeguards. First, although Defendant was in custody for Miranda purposes at that moment, the officer's bodycamera footage reveals the officers did not question Defendant in any form during the incident. The officers' actions of placing Defendant into handcuffs, attempting to explain the law to Defendant, stopping conversation with Defendant, and placing Defendant into the police vehicle are not words or actions that could reasonably be expected to likely elicit an incriminating response. Rhode Island, 446 U.S. at 301–02. Stated plainly, Defendant was not "subjected to interrogation." Id. at 300. Rather, every statement Defendant made after he was handcuffed was made voluntarily. Because Defendant's statements were voluntary and not a result of police interrogation, they are not entitled to protection under Miranda. See Miranda, 384 U.S. at 478.

The second reason Defendant's statements subsequent to being handcuffed are not entitled to a Miranda analysis is because the Government indicated there are no statements made by Defendant during this time it intends to use at trial. (Doc. No. 34–1, p. 150 ("He didn't make any statements unless you want the jury to repeatedly hear him not giving consent. I think that's de minimis and irrelevant to ultimately what was found and what he was charged with.")). Since the Government does not intend to introduce Defendant's statements, the Court is not required to

consider their admissibility. See Rhode Island, 446 U.S. at 301 n.5; United States v. Richie, No. 1:24-CR-51, 2025 WL 1861134, at *7 (N.D. W. Va. July 7, 2025) (finding since the Government did not intend to introduce defendant's statements about drugs, the Court did not need to address whether the statements can be admitted).

In short, since the statements Defendant made after he was placed in custody were not the result of an interrogation, they were not entitled to protection under Miranda. Accordingly, Defendant's objection to the M&R on this point is overruled.

### C. Defendant Failed to Specify What Factual Allegations and Evidence He Challenges.

Defendant's final objection to the M&R is the Magistrate Judge overlooked "several key allegations . . . ." (Doc. No. 34, p. 4.) Defendant provides no further analysis other than this blanket statement. This objection does not specifically object to errors contained in the M&R's findings, and consequently, those objections will not be reviewed by this Court.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that for the foregoing reasons, the Magistrate Judge's M&R, (Doc. No. 25), is **AFFIRMED and ADOPTED**, Defendant's Objection to the M&R, (Doc. No. 34), is **OVERRULED**, and Defendant's Motion to Suppress Tangible Evidence and Statements, (Doc. No. 17), and Motion to Reveal Confidential Informants, (Doc. No. 16), are **DENIED**.

**IT IS SO ORDERED.**

Signed: October 20, 2025

Frank D. Whitney
Senior United States District Judge