UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CR-00167-FDW-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| SEAN TREMAINE PHILLIPS, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation ("M&R"). (Doc. No. 42.) Defendant seeks review of the Magistrate Judge's M&R regarding Defendant's Motion to Suppress Search and Tangible Evidence. (Doc. No. 35.) The Court reviewed the docket, both parties' filings, and the transcript of the hearing, which includes both parties' evidence and arguments. For the reasons set forth below, the M&R is **AFFIRMED and ADOPTED**, Defendant's Objections are **OVERRULED**, and Defendant's Motion to Suppress Search and Tangible Evidence is **DENIED**.

## I. BACKGROUND

On August 21, 2024, Defendant was indicted on three charges: possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 1, pp. 1–2.)[1] On April 8, 2025, Defendant filed his Motion to Reveal Confidential Informants and a Motion to Suppress Tangible Evidence and Statements. (Doc. No. 17.) On April 15, 2025, the Government filed its Responses to both of Defendant's Motions. (Doc. Nos. 20, 21.) On June 9, 2025, the

---

[1] Defendant is represented by counsel.

1

Magistrate Judge held an evidentiary hearing, and on June 23, 2025, the Magistrate Judge issued the M&R denying Defendant's Motions. (Doc. No. 25.) The Court affirmed and adopted the Magistrate Judge's M&R on October 21, 2025. (Doc. No. 45.)

On August 8, 2025, Defendant filed another Motion to Suppress, arguing the officers' search of the backpack inside Defendant's rental vehicle violated the Fourth and Fourteenth Amendments of the United States Constitution and all tangible evidence and statements were a result of impermissible police action under the Fourth Amendment of the United States Constitution. (Doc. No. 35, pp. 6, 12.) The Government filed its Response on August 14, 2025, asserting the police had probable cause to search the backpack. (Doc. No. 38, p. 1.) On September 4, 2025, the Magistrate Judge issued a M&R on Defendant's Motion to Suppress, relying on the June 9, 2025, hearing. (Doc. No. 39, p. 8.) Therein, the Magistrate Judge recommended Defendant's Motion to Suppress be denied, finding the dog sniff of Defendant's vehicle was "legally permissible" and "sufficiently reliable[,]" probable cause existed to search Defendant's vehicle, and probable cause existed to believe the vehicle contained narcotics. (Doc. No. 39, pp. 8–9.) On September 29, 2025, Defendant filed three objections to the M&R, asserting 1) the Magistrate Judge erred in "finding the Government developed a pattern of conduct consistent with drug activity[,]" 2) the Magistrate Judge adopted inaccurate facts regarding Defendant, and 3) the M&R did not address key factual allegations and evidence. (Doc. No. 42, pp. 1–4.) The Government did not file a Reply.

## II. STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within fourteen days of being served with a copy. 28 U.S.C. § 636(b)(1)(C). "Any written objections must *specifically identify* the portions of the Report and Recommendation to

2

Case 3:24-cr-00167-FDW-DCK    Document 46    Filed 10/24/25    Page 2 of 8

which objections are made *and* the basis for such objections." Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)). Parties "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert. denied, 551 U.S. 1157 (2007). Objections which "merely express disagreement with the magistrate's Report and Recommendation . . . in lieu of any actual argument or specific assertion of error" do not sufficiently direct a court to a specific error. Lowdermilk v. LaManna, No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009). "Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A general objection, or one that merely restates the argument previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

### III. ANALYSIS

**A. There is no Clear Error in the Magistrate Judge's M&R.**

Although Defendant raises three objections to the M&R, none of these objections "*specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections." Morgan, 421 F. Supp. 2d at 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas, 21 F. Supp. 2d at 560). [2] As such, the Court applies a clear error standard of review and finds the Magistrate Judge committed no clear error in the M&R.

At the outset, the Court notes Defendant argues in one of his objections the "M&R fails to address key factual allegations and evidence." (Doc. No. 42, p. 4.) Defendant does not say what

---

[2] Indeed, Defendant did not cite to any portion of the M&R throughout his objections. (Doc. No. 34, pp. 1–5.)

3
Case 3:24-cr-00167-FDW-DCK     Document 46     Filed 10/24/25     Page 3 of 8

factual allegations the M&R failed address. (Id., pp. 4–5.) Instead, Defendant takes issue with 1) statements made by the Government at the June 9, 2025, hearing and 2) the Magistrate Judge not following "US. v. Davis."[3] (Id.) This objection appears to "merely express disagreement with the magistrate's Report and Recommendation . . . in lieu of any actual argument or specific assertion of error . . . ." Lowdermilk, at *2. Moreover, Defendant's third objection is overly broad, general, and does not point this Court to any specific error in the M&R. See Battle, 834 F.2d at 421 ("Frivolous, conclusive or general objections need not be considered by the district court."). As such, this objection shall not be considered by the Court.

Turning to the remaining to objections, Defendant argues in his first objection the Magistrate Judge incorrectly found the Government developed a pattern of conduct consistent with drug activity. (Doc. No. 42, p. 1.) The core of Defendant's argument is because the Government did not allow him to cross-examine the lead detective and would not reveal the confidential informants' information, he was "precluded from all opportunity to test the standards related to reliability let alone cross-examine this crucial witness." (Id., p. 3(emphasis omitted).) The Court already discussed and denied Defendant's Motion to Reveal Confidential Informants in the October 21, 2025, Order and will not reiterate the argument here. (Doc. No. 45.) Moreover, despite the title of Defendant's first objection, Defendant does not actually challenge whether probable cause existed to search his car. (Doc. No. 42, pp. 1–3.) Rather, Defendant repeatedly argues under the first objection he was unable to "test the standards related to reliability" because he could not cross-examine the lead Detective, but he offers no law to support his argument. (Id., p. 3.) After a thorough review of Defendant's first objection, the Court finds Defendant did not actually "object to . . . [a] finding or recommendation" in the M&R "with sufficient specificity so as reasonably to

---

[3] The Court found it difficult to decipher Defendant's argument here as he only cites to two cases in the entirety of his brief and does not provide any proper citation thereto.

4

alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert. denied, 551 U.S. 1157 (2007). As such, the Court is unable to conduct a specific error review as to Defendant's first objection.

Next, Defendant's second objection largely mirrors the first. Although the title of Defendant's argument is the "Government incorrectly asserts, and the Court adopted a fact of observation of Mr. Phillips which is inaccurate[,]" the entirety of Defendant's second objection is disagreement with the Government's arguments and statements made by the Government's witnesses. (Doc. No. 42, pp. 3–4.). Defendant also reiterates in his second objection his purported need to interview the lead detective or obtain information from confidential informants. (Doc. No. 42, p. 4.) A thorough review of the second objection shows Defendant is not challenging any specific findings of fact or conclusions of law in the M&R but is merely expressing his disagreement with the Government's arguments and witnesses' testimonies. This is not sufficient to direct a court to a specific error. See Lowdermilk, at *2 (merely disagreeing with the M&R does not establish specific error).

Because Defendant's two objections fail to specifically identify what part of the M&R he is objecting to, and the basis or those objections, the Court will review the M&R for clear error. See Morgan, 421 F. Supp. 2d at 893 (W.D.N.C. 2006); Carr v. Comm'r of Soc. Sec., No. 32-CV-00425-FDW-DSC, 2022 WL 987336, at *2 (W.D.N.C. Mar. 31, 2022) ("Absent a specific, proper, and timely filed objection, the Court reviews only for 'clear error[]' . . . ." (citing Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983)). When conducting a clear error review, the Court "need not give any explanation for adopting the M&R." Carr, at *2 (citations omitted). Since Defendant's objections were neither specific nor proper, and no clear error being apparent in the record, the Court hereby

5

ADOPTS the Magistrate Judge's M&R as the final decision of this Court for all purposes relating to this case.

**B. Even If Defendant's Objections Were Proper, Probable Cause Existed to Stop and Search Defendant's Vehicle.**

The Court pauses to note the arguments within Defendant's objections were difficult to decipher. Nonetheless, to the extent any of Defendant's objections assert the police could not prove a pattern of drug activity existed and, thus, the M&R incorrectly found the police had probable cause to stop and search Defendant's vehicle, the Court finds this argument is without merit. The officers had probable cause to stop and search Defendant's vehicle.

It is reasonable for police to stop a vehicle when there is "probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). A lawful traffic stop, however, "can become unlawful if it is prolonged beyond the time reasonably required to complete the mission of issuing a warning ticket." United States v. Bowman, 884 F.3d 200, 209–10 (4th Cir. 2018) (citation modified) (quoting Illinois v. Caballes, 543 U.S. 405, 407 (2005)). A traffic stop may not last "longer than is necessary to effectuate" the purpose of addressing the infraction. Rodriguez v. United States, 575 U.S. 348, 354 (2015) (quotation omitted). "Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." Id. Police may perform investigations, such as a dog sniff around the perimeter of the stopped vehicle, "as long as it does not lengthen the roadside detention." Bowman, 884 F.3d at 210 (citation modified) (quoting Rodriguez, 575 U.S. at 349.); United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008), cert. denied, 555 U.S. 118 (2009) ("A canine sniff is also constitutionally acceptable if performed within 'the time reasonably required' to issue a traffic citation." (quoting Illinois, 543 U.S. at 409)).

In this case, an officer testified he observed Defendant commit a traffic violation when Defendant changed lanes without using a turn signal. (Doc. No. 42–1, p. 19.) The officer also testified Defendant's vehicle's tag was expired. (Id.) Based off the traffic violation and expired vehicle tag, Defendant was subjected to a traffic stop. (Id.). Notably, Defendant's improper lane change alone is a valid traffic violation to create probable cause for the police to conduct a traffic stop. See United States v. Richard, 528 F. App'x 323, 327 (4th Cir. 2013), cert. denied, 571 U.S. 928 (2013) ("The stop of the Car was the result of Coney's improper lane change. This act gave the NCPD detectives probable cause to stop the Car."(citation omitted)). The improper lane change in addition to the expired vehicle tag was sufficient probable cause for police to conduct a lawful traffic stop of Defendant's vehicle here. Furthermore, the officers' body camera footage shows the officers' decision to perform a dog sniff around the perimeter of Defendant's vehicle did not lengthen the duration of the traffic stop. The dog sniff was conducted while the officers' investigation of Defendant's traffic violations was ongoing. Since the dog sniffed occurred while the officers were investigating the basis of the traffic infractions themselves, the dog sniff did not impermissibly "lengthen the roadside detention." Bowman, 884 F.3d at 210 (citation modified) (quoting Rodriguez, 575 U.S. at 349.) When the dog hit on Defendant's vehicle, the officers then had "probable cause to search the car." Richard, 528 F. App'x at 328. Accordingly, Defendant's improper lane change and expired vehicle tag provided probable cause for the officers to stop Defendant's vehicle. The officers' subsequent employment of a dog sniff while the traffic stop was ongoing was also permissible.

Despite these clear bases for probable cause, Defendant appears to assert since he could not cross-examine the lead detective at the June 9, 2025, hearing, or obtain the confidential informant's information, and determine if the officers established Defendant was handling

narcotics prior to the traffic stop, then the traffic stop and subsequent search of Defendant's vehicle was illegal. (Doc. No. 42, pp. 2–4.) This argument is meritless and misses the point the moment Defendant made an improper lane change, the police had probable cause to stop his vehicle and perform a dog sniff while investigating the traffic violation. Therefore, to the extent Defendant's objections argued the officers did not have probable cause to stop or search his vehicle, this argument is overruled.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that for the foregoing reasons, the Magistrate Judge's M&R, (Doc. No. 39), is **AFFIRMED and ADOPTED**, Defendant's Objection to the M&R, (Doc. No. 42), is **OVERRULED**, and Defendant's Motion to Suppress Search and Tangible Evidence, (Doc. No. 35) is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 23, 2025

Frank D. Whitney
Senior United States District Judge